DANIEL J. O'MEARA            9890
REBECCA LEIBOWITZ            10890
LEGAL AID SOCIETY OF HAWAI'I
924 Bethel Street
Honolulu, HI 96813
Telephone:  (808) 536-4302
Facsimile:  (808) 527-8088
dan.omeara@legalaidhawaii.org
rebecca.leibowitz@legalaidhawaii.org

Attorneys for Plaintiff
KRISTIN VERA CRUZ

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| KRISTIN VERA CRUZ,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CHARLES H. AKI; ANDREA A'ANA; POMAIKAI HOLDINGS Inc. D/B/A REMAX PROPERTIES; AND BMBN HAWAII L.P.<br><br>　　　　　Defendants.<br>_____ | CIVIL NO. _____<br><br>COMPLAINT AND JURY DEMAND;  SUMMONS |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff KRISTIN VERA CRUZ ("Plaintiff") by and through her undersigned attorneys, and submits her Complaint against Defendants CHARLES H. AKI ("Defendant Aki"),  ANDREA A'ANA ("Defendant A'ana"),

POMAIKAI HOLDINGS INC. D/B/A REMAX PROPERTIES ("REMAX"), and BMBN HAWAII L.P. ("BMBN"). Defendant Aki, Defendant Aʻana, REMAX, and BMBN are collectively referred to as the "Defendants" herein. The Plaintiff is seeking declaratory relief, injunctive relief damages, and attorneys' fees and costs for unlawful housing discrimination based on familial status and disability in violation of the Fair Housing Act, 42 U.S.C. §§3601 *et seq.*, and Hawaii Revised Statutes ("HRS") Chapter 515, including, §§ 515-3(1-5), 515-3(9), 515-16(1), 515-16(2), and 515-16(7). For her Complaint against Defendants, Plaintiff alleges and avers as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction in this matter under 28 U.S.C. §§ 1331, § 1343 and 42 U.S.C. § 3613(a).

2. The Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims derive from a common nucleus of operative fact as Plaintiff's federal causes of action. Plaintiff's federal and state law claims all challenge Defendants' familial status-based housing discrimination against Plaintiff.

3. Venue is proper in this U.S. District Court for the District of Hawaii pursuant to 28 U.S.C. § 1391 because all claims arose in this District, the Plaintiff

resides in this District, and, at all relevant times, the Defendants were doing business in the District.

## PARTIES

4. Plaintiff Kristin Vera Cruz is a resident of the State of Hawaii, island of Hawai'i, and resides with her two minor biological children and four minor children for whom she is a legal guardian and approved foster parent, in a unit at 45 Amauulu Dr. Unit C. Hilo, HI 96720 (the "Property"). The Property is located in a multi-unit property with the address 45 Amauulu Dr. Hilo, HI 96720 ("45 Amauulu Dr.").

5. Defendant REMAX is registered as a Domestic Profit Corporation with the Department of Commerce and Consumer Affairs for the State of Hawaii with a business address of 88 Kanoelehua Ave. Unit 105, Hilo, Hawaii 96720. REMAX at all relevant times, provided property management services at 45 Amauulu Dr.

6. REMAX is a "person" engaging in a real property transaction within the meaning of HRS § 515-2 and HAR § 12-46-302 amd 42 U.S.C. § 3602.

7. Defendant A'ana is a real estate professional and associate of REMAX PROPERTIES and . At all relevant times she has been directly involved with property management services at the Property.

8. Defendant A'ana is a "person" engaging in a real property transaction within the meaning of HRS § 515-2 and HAR § 12-46-302 and 42 U.S.C. § 3602.

3

9. Defendant Aki is a real estate professional and owner and agent of REMAX Properties. He is listed on the lease for the Property as the Broker-in-Charge.

10. Defendant Aki is a "person" engaging in a real property transaction within the meaning of HRS § 515-2 and HAR § 12-46-302 and 42 U.S.C. § 3602.

11. Defendant Aki is the principal real estate broker for Defendant Pomaikai Holdings, Inc d/b/a REMAX Properties.

12. As the principal broker of REMAX, Defendant Aki is responsible for management and supervision of the brokerage firm including, among other responsibilities, developing policies and procedures for handling real estate transactions and ensuring that all association licensees are provided information and training on licensing laws as well as other related rules and laws under HRS §467-16.

13. BMBN is registered as a Domestic Limited Partnership with the Department of Commerce and Consumer Affairs for the State of Hawaii with a business address of P.O. Box 1416 Kilauea, Hawaii 96754. BMBN is the fee-simple property owner of the Property.

14. BMBN is a "person" engaging in a real property transaction within the meaning of HRS § 515-2 and HAR § 12-46-302 and 42 U.S.C. § 3602.

15. BMBN is a vicariously liable for discriminatory housing practices by its agent (REMAX) under 24 CFR 100.7(b), specifically, "a person is vicariously liable for a discriminatory housing practice by the person's agent or employee, regardless of

whether the person knew or should have known of the conduct that resulted in a discriminatory housing practice, consistent with agency law."

## SUMMARY

16.  This action arises from events that took place after Plaintiff, under emergency circumstances, brought four children into her home for foster care, approved by the State Department of Human Services. Upon being informed by Plaintiff of these facts Defendants REMAX and A'ana told Plaintiff she was violating her lease by allowing the foster children to live with her. Defendants claimed that they could not allow Plaintiff to stay in the apartment because of occupancy codes, notwithstanding explicit State law to the contrary. Defendants REMAX and A'ana sent a letter to Plaintiff's Section 8 case worker stating that Plaintiff's lease would be terminated.  In violation of Plaintiff's rights to be free from discrimination in housing, Defendants REMAX and A'ana threatened to evict her from her home, steered her to a property that Defendants then claimed would not accommodate her family because of its size and location on the third floor and such Defendants then steered her to a single family home in a remote area far from the children's schools. Plaintiff requested an extension of her lease to give her time to find a unit in or near her neighborhood as a disability-related reasonable accommodation under 42 U.S.C. §3604(f). Defendants denied such accommodation.

## FACTUAL BACKGROUND

17. Plaintiff began living at the Property on February 19, 2019 with her two minor biological children.

18. Plaintiff rented the unit with rental assistance from the Section 8 rental payment program ("Section 8") administered by the County of Hawai'i.

19. On August 19, 2019, Plaintiff and her fiancé were given temporary guardianship through power of attorney for four minor children, K.H., M.L.M, M.M.M., and L.M (the "Foster Children"), through the children's biological mother.

20. The Foster Children did not immediately come to live with Plaintiff because Plaintiff's grandmother passed away.

21. On November 27, 2019, the biological mother of The Foster Children was involved in a motor vehicle incident and suffered near-fatal injuries. Emergency placement for the children was needed.

22. On December 4, 2019, the State of Hawai'i placed the Foster Children in the care of Plaintiff and her fiancé, through a foster care agreement.

23. Because Plaintiff's fiancé was then residing at a worksite in a structure lacking running water the Foster Children came to live at the Property. Plaintiff's fiancé joined them as well to assist with their care but also maintained his own residence at the worksite.

24. On or around December 4, 2019, Plaintiff informed Defendant Aʻana of the emergency situation and let her know that her fiancé and the Foster Children would be living with her.

25. On or around December 4, 2019, Defendant Aʻana informed Plaintiff that she was in violation of her lease for allowing the Foster Children and her fiancé to live with her.

26. In mid-December, Plaintiff's Section 8 caseworker informed her that she had received a letter from REMAX stating that Plaintiff needed to move from the Property by January 27. Plaintiff was never provided a copy of this letter by Defendant. Plaintiff obtained a copy from her Section 8 caseworker on December 23, 2019.

27. In mid-December, Defendant Aʻana and REMAX employee Sierra (last name unknown), began identifying other rental units for Plaintiff and her family.

28. Plaintiff viewed a three-bedroom unit in mid-December suggested by REMAX but then was told the next day that it had already been rented.

29. REMAX through its employee Sierra offered to show Plaintiff another three-bedroom room apartment but then told her that the owner of the unit would not accommodate her family because it was only a three bedroom and it was on the third floor. Sierra sent her a text message stating that the owner would not accommodate her because she "had too many."

30. Sierra identified a three bedroom house in the Hawaiʻi Beaches subdivision area that was available with an address of 15-288 Honu St. Apt. A. This property is also owned by Defendant BMBN.

31. Plaintiff was concerned that this rental in the Hawaiʻi Beaches area was too far away for her to be able to keep the Foster Children in their current schools.

32. Sierra also told Plaintiff that if she were to take the Hawaiʻi Beach rental house Plaintiff's fiancé and the Foster Children would have to move there immediately and pay a $1,350 security deposit and $1,350 rent a month until the Section 8 program approved the unit at which point the whole family could move to the Hawaiʻi beaches house and use their Section 8 housing assistance benefit there, which is not consistent with Section 8 requirements.

33. Plaintiff then requested the extension of her tenancy at the Property as a formal reasonable accommodation request ("RAR") so that her family could address their mental health needs and have time to search for housing near the children's school and avoid homelessness.

34. This RAR was addressed to REMAX, Defendant Aʻana, and Defendant Aki.

35. The request was denied in writing by Defendant Aʻana who informed Plaintiff on January 24, 2019 that she would not extend her tenancy.

## INJURIES TO PLAINTIFF

36. As the result of each Defendant's unlawful actions, Defendants discriminated against Plaintiff on the basis of familial status and disability. As a result of Defendants' discriminatory conduct, actions and inactions described above, the Plaintiff has suffered, continues to suffer, economic loss, emotional distress, and the deprivation of her federally and state protected rights to exercise and enjoy housing opportunities without regard to familial status and disability.

37. Plaintiff is now faced with the immediate threat of homelessness for herself and her six children. She is concerned that eviction could lead to the loss of her Section 8 benefits and that homelessness could jeopardize her wellbeing and the wellbeing of her biological and the Foster Children.

38. If Plaintiff does not have stable housing she may lose custody of the Foster Children and she worries that there are no other family members who will be able to take custody of them.

39. Defendants are liable for violations of Plaintiff's rights under the federal Fair Housing Act and relevant state law because at all times relevant hereto, Defendants were acting or refusing to act through their employees, agents, and/or representatives as alleged in this Complaint, and are liable on the basis of the acts and omissions of their employees, agents, and/or representatives.

40. In acting or failing to act as alleged herein, each employee or officer of Defendants was acting in the course and scope of his or her actual or apparent authority pursuant to such agencies or entity, or the alleged acts or omissions of each employee or officer as agent were ratified and adopted by Defendants as principals.

41. Defendant's unlawful conduct described above was willful, intentional, and knowing and/or was implemented with callous and reckless disregard for Plaintiff's statutorily protected rights.

## COUNT ONE
### Violations of the Federal Fair Housing Act

42. All prior allegations and averments in this Complaint above are incorporated herein by reference, as if fully set forth herein.

43. Through Defendants' acts as described above, including the acts of their employees, agents, and/or representatives, Defendants violated 42 U.S.C. § 3604(a), which makes it unlawful to refuse to rent a dwelling or otherwise make a dwelling unavailable to any person because of familial status.

44. Through Defendants' acts as described above, including the acts of their employees, agents, and/or representatives, Defendants violated 42 U.S.C. § 3604(b), which makes it unlawful to discriminate against any person in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services and facilities in connection therewith, because of familial status.

45. Through Defendants' acts as described above, including the acts of their employees and/or agents, Defendants have violated 42 U.S.C. § 3604(c), which makes it, *inter alia*, unlawful to make or cause to be made any statement relating to the rental of a dwelling that indicates any preference or limitation based on familial status.

46. Through Defendants' acts as described above, including the acts of their employees, agents, and/or representatives, Defendants violate 42 U.S.C. § 3604(d), which makes it unlawful to represent that any dwelling is not available for inspection, sale or rental when such dwelling is in fact so available.

47. Through Defendants' acts as described above, including the acts of their employees, agents, and/or representatives, Defendants violated 42 U.S.C. § 3604(f), which makes it unlawful to refuse to rent a dwelling or otherwise make a dwelling unavailable to any person because of a handicap of that person or persons associated with them including by refusing to make reasonable accommodations to rules, policies, practices or services in order for a handicapped person to have equal use and enjoyment a dwelling.

48. Defendants' acts and conduct in violation of the Fair Housing Act, and regulations promulgated thereunder, caused Plaintiff injury.

## COUNT TWO
## Violations of Hawaii Revised Statutes Chapter 515 – Discrimination in Real Property Transactions and Related Hawaii Administrative Rules Subchapter 20

49. All prior allegations and averments in this Complaint above are incorporated herein by reference, as if fully set forth herein.

50. Through Defendants' acts as described above, including the acts of their employees, agents, and/or representatives, Defendants violated HRS § 515-3(1) and HAR § 12-46-305(1) and HAR § 12-46-307(1) by refusing to add the foster children and Plaintiff's fiancé to the Plaintiff's lease which was a discriminatory refusal to engage in a real estate transaction based on familial status.

51. Through Defendants' acts as described above, including the acts of their employees, agents, and/or representatives, Defendants violated HRS § 515-3(1) and (2) and HAR § 12-46-305(1) and HAR § 12-46-307(4) by terminating Plaintiff's lease because she added her fiancé and foster children to her family which was a discriminatory refusal to engage in a real estate transaction based on familial status and marital status. HAR § 12-46-307(4) makes it unlawful to impose against a person because of familial status, by way of any action to evict, terminate the tenancy, or refuse to engage in a real estate transaction, occupancy limits on a housing accommodation which is currently occupied by such person, unless justified by business necessity by demonstrating that such limits are required by county buildings codes established to promote public safety, and if the person has asked the owner,

12

person engaging in a real estate transaction, real estate broker, or salesperson to apply for a variance or exemption from the county, the application for variance or exemption has been denied.

52. Through Defendants' acts as described above, including the acts of their employees, agents, and/or representatives, Defendants violated HRS § 515-3(1,3,5 and 6) and HAR § 12-46-305(5) and HAR § 12-46-307(1)by steering Plaintiff to specific housing that it deemed suitable for her family.

53. Through Defendants' acts as described above, including the acts of their employees, agents, and/or representatives, Defendants violated HRS § 515-3(1) and and HAR § 12-46-307(2 and 3) by imposing house rules and occupancy rules on Plaintiff and her family because of her familial status and which had the effect of discriminating against Plaintiff because of her familial status.

54. Through Defendants' acts as described above, including the acts of their employees, agents, and/or representatives, Defendants violated HRS § 515-3(2) and (6) and HAR § 12-46-305(2) and HAR § 12-46-307(1) and (7) by subjecting Plaintiff to unequal terms and conditions by attempting to require that her fiancé and foster children pay an additional fee to rent another property while they awaited the transfer of her Section 8 benefits.

55. Through Defendants' acts as described above, including the acts of their employees, agents, and/or representatives, Defendants violated HRS § 515-16(1), (3),

(6) and (7), including by making statements that indicated an intent to discriminate against Plaintiff because of her familial status.

56. Through Defendant's acts as described above, including acts of their employees, agents, and/or representatives, Defendants violated HRS § 515-16(1) by retaliating against Plaintiff because she sought to exercise her rights under HRS Chapter 515.

57. Through Defendant's acts as described above, including acts of their employees, agents, and/or representatives, Defendants violated HRS § 515-3(9) but informing Plantiff that they would not allow her to remain in her housing as a reasonable accommodation while she sought alternative housing.

58. Through Defendants' acts as described above, including the acts of their employees, agents, and/or representatives, Defendants violated HRS § 515-16(2) which makes it unlawful to aid or abet another in act of housing discrimination.

59. Defendants' acts and conduct in violation of HRS Chapter 15, and related Hawaii Administrative Rules Subchapter 20, caused Plaintiff injury.

## COUNT THREE
## Punitive Damages

60. All prior allegations and averments in this Complaint above are incorporated herein by reference, as if fully set forth herein.

61. The unlawful acts complained of above, perpetrated against Plaintiff, by Defendants as the evidence at a trial may show, were done in a willful, wanton, and/or

reckless manner in complete disregard of the rights and feelings of Plaintiff for which Plaintiff is entitled to an award of punitive and exemplary damages to be determined in accordance with Plaintiff's proof at trial before a jury.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38(b), Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Kristin Vera Cruz prays that judgment be entered against each and every Defendant, in favor of Plaintiff, with relief by this Court as follows:

A. Enter a declaratory judgment finding that the foregoing actions of Defendants violate the Fair Housing Act, 42 U.S.C. § 3604(a)-(d) and (f) and Hawaii Revised Statutes §§ 515-3(1-6) and (9), 515-16(2), and HRS § 515-16(7) and related Hawaii Administrative Rules §§ 12-46-305, 12-46-307, and 12-46-310;

B. Enter a judgment for compensatory damages to Plaintiff in an amount to be proved at trial before jury that would fully compensate Plaintiff for the economic loss and emotional distress resulting from Defendants' unlawful discrimination;

C. Award punitive damages in an amount to be determined by the jury that would punish Defendants for the willful, wanton, and reckless conduct alleged herein and that would effectively deter similar conduct in the future;

D. Award Plaintiff her reasonable attorneys' fees and costs as permitted under the federal Fair Housing Act and HRS Chapter 515; and

E. Order such other and further relief as this Court deems just and equitable.

DATED:  Honolulu, Hawaii, January 28, 2020.

                                                */s/Rebecca Leibowitz*
                                                REBECCA LEIBOWITZ
                                                DANIEL J. O'MEARA
                                                Attorneys for Plaintiff
                                                KRISTIN VERA CRUZ